**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK EUGENE MAY,

               Petitioner - Appellant,

   v.

UNITED STATES OF AMERICA,

            Respondent - Appellee.

No. 08-17250

D.C. No. 1:07-cv-00011-FMTG

MEMORANDUM[*]

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted February 7, 2011[**]
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

On August 3, 1993 Frank Eugene May was convicted of three offenses relating to his receipt in Guam of a small package of cocaine sent from California.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We vacate two of the convictions and remand for re-sentencing on the remaining one.

The parties are in agreement as to the facts and law, so we do not restate them.

**1.** The parties agree that May is actually innocent of Count I (violation of 21 U.S.C. § 952) pursuant to *United States v. Cabbacang*, 332 F.3d 622 (9th Cir. 2003) (en banc). The District Court refused to vacate Count I, believing that because *Cabbacang* "is a Ninth Circuit decision[, it] lack[s] the same import of a Supreme Court ruling with respect to retroactive application." But there is no difference for purposes of collateral review between Supreme Court rulings and court of appeals rulings on the substantive reach of criminal statutes. *Cabaccang* "alter[ed] the range of conduct . . . that the law punishes," *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004), and so announced a new substantive rule of law that a court must apply on collateral review. *See id.* at 351 ("New substantive rules generally apply retroactively." (emphasis removed)). Under *Cabbacang*, May is actually innocent of Count I, so that count must be vacated.

**2.** The parties also agree that May is actually innocent of Count II (violation of 21 U.S.C. § 843(b)) pursuant to *Cabaccang* and the Supreme Court's decision in

2

*Abuelhawa v. United States*, 129 S. Ct. 2102 (2009). That count should be, and is, vacated.

**3.** The parties agree that if Counts I and II are vacated, May should be resentenced on Count III (violation of 18 U.S.C. § 922(g)). Once Counts I and II are vacated, May's conviction pursuant to Count III would not be "in connection with either a crime of violence . . . or a controlled substance offence," U.S.S.G. § 4B1.4(b)(3)(A), so the offense level as to that count would be affected. *See* U.S.S.G. § 4B1.4(b)(3)(B). For the same reasons, May's criminal history should be Category IV. *See* U.S.S.G. § 4B1.4(c). May's sentence pursuant to Count III is therefore vacated and the District Court is instructed to resentence May on that count.

**Counts I and II are VACATED; the sentence on Count III is VACATED and the case is REMANDED.**

**The mandate shall issue forthwith.**